MILTON A. CANDLER *et al.*, trustees, plaintiffs in error, *vs.* KATE A. CORRA, defendant in error.

1. The Dollar Savings Bank of Atlanta had no authority, under its charter, to charge interest at a higher rate than that allowed by law.

2. When there have been mutual dealings between parties in relation to the loan of money at usurious rates of interest, and various payments of usury have been made at different times, and no final settlement has been had, the statute of limitations does not commence to run as against the right to recover the usury, from the dates of the aforesaid payments.

Usury.   Statute of limitations.   Before Judge HOPKINS. Fulton Superior Court.   March Term, 1874.

For the facts of this case, see the decision.

JACKSON & CLARKE; THOMAS W. HOOPER, for plaintiffs in error.

E. N. BROYLES; GARTRELL & STEPHENS, for defendant.

WARNER, Chief Justice.

This case came before the court below on exceptions to an auditor's report.   The error alleged to the ruling of the court is in deciding that under the facts found by the auditor, in his report, that the complainants' claim for usury was not barred by the statute of limitations, and in deciding that the defendant, under its charter, was not authorized to charge a higher rate of interest than seven per cent. per annum on money loaned by it.

1. As to the last exception, there can be no doubt, we think, that the defendant, by the terms of its charter, was prohibited from loaning money at a greater rate of interest than seven per cent. per annum : See acts of 1870, page 95, and acts of 1868, page 36.

2. The other question made in the case is, when there have been mutual dealings between the parties in relation to the loan of money at usurious rates of interest, and various payments of usurious interest have been made at different times,

Candler *et al. vs.* Corra.

and no final settlement has been made between the parties of the accounts and transactions had between them in relation to the usury which has been paid in connection therewith, does the statute of limitations, which bars the right to recover back the usury so paid, commence to run from the time the usury is paid and credited on the debt, or does the statute to recover back the usury paid, commence to run only from the time of the final accounting and settlement of the original usurious transaction and all payments made in connection therewith to the amount of the principal debt and the lawful interest due thereon? The auditor held that the payments of usury made by the complainant to the defendant at various times for the loan of the money, and for forbearance in collecting the same, was first to be credited to the payment of the lawful interest due on the debt, and then to the payment of the principal, and that her right of action to recover back the usury paid was not barred until the expiration of six months from the time of the final settlement and accounting between the parties, so that the amount of usury actually paid over and above the amount of the principal debt and lawful interest could be ascertained. The plaintiff in error insists that the statute of limitations commenced to run from the time the usury was paid by the complainant, without regard to the application of the money so paid; but we think with the auditor, that the law will apply the payment of the usurious interest to the payment of the principal and interest that was *lawfully* due on the debt, and until the payments made by the complainant to the defendant, whether called usury or otherwise, were more than sufficient to extinguish the principal debt and the lawful interest due thereon, the complainant had no cause of action to recover for usury paid. The auditor found the fact to be, from the evidence before him, that six months had not elapsed from the time of the payment of the principal debt and lawful interest before the commencement of the suit. In other words, the excess of the payments made by the complainant to the defendant, over and above the principal and lawful interest due on the

debt had not been ascertained, so as to give to the complainant a right of action to recover back any excess as usury until within six months before suit brought.   We find no error in the judgment of the court in affirming the report of the auditor, on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.